FILED
FEB 01 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1971– |
| Plaintiff, | Cr. No. 11690GT |
| v. | ORDER |
| HERMENEGILDO NUNGARAY, | |
| Defendant. | |

On January 21, 2011, Defendant, Hermenegildo Nungaray ("Mr. Nungaray"), submitted a Motion for a Writ of Error Coram Nobis, or in the alternative, A Request to Reduce Conviction ("Motion"). Mr. Nungaray seeks to vacate his almost forty year old conviction based on the recent case of Padilla v. Kentucky, 130 S. Ct. 1473 (2010) or in the alternative, reduce his felony convictions to one simple possession offence. For the reasons stated below, Mr. Nungaray's Motion is **DENIED**.

The writ of error coram nobis allows a defendant to attack a conviction even if he has served his sentence and is no longer in custody. Telink, Inc. V. United States, 42 F.3d 42, 45 (9th Cir. 1994). Specifically, "[t]he writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious

legal errors.'" <u>United States v. Walgren</u>, 885 F.2d 1417, 1420 (9th Cir. 1989) (quoting <u>Yasui v. United States</u>, 772 F.2d 1496, 1499 (9th Cir. 1985)). The writ of error coram nobis allows a court to vacate its judgments if the errors are of "the most fundamental character," such that the proceeding itself is rendered invalid. <u>Hirabayashi v. United States</u>, 828 F.2d 591, 604 (9th Cir 1987). The Ninth Circuit reviews a denial of the writ *de novo* as if it were a claim under 28 U.S.C. § 2255. <u>Walgren</u>, 885 F.2d at 1420.

A defendant must satisfy four requirements to qualify for coram nobis relief. The requirements are: "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" <u>United States v. McClelland</u>, 941 F.2d 999, 1002 (9th Cir. 1991) (quoting <u>Hirabayashi</u>, 828 F.2d at 604).

There are two reasons that Mr. Nungaray fails to qualify for coram nobis relief. First, he has not presented any valid reasons for the almost forty year delay is seeking relief. He merely argues that the recent change in the law stated in *Padilla* applies to him. The law constantly changes. If every defendant sought coram nobis relief because of a change in the law there would be no finality of judgment and the courts would be swamped. Since Mr. Nungaray has not presented any reasons for the nearly forty year delay, he does not qualify for coram nobis relief.

The second reason Mr. Nungaray fails to qualify for coram nobis relief is that the error of which he complains is not "of the most fundamental character." Mr. Nungaray argues he received ineffective assistance of counsel because he was not advised of the immigration consequences of his guilty plea. However, the Ninth Circuit has specifically held that an attorney's failure to advise a client of the immigration consequences, without more, does not constitute ineffective assistance of counsel under *Strickland*. <u>United States v. Fry</u>, 322 F.3d 1198, 1200 (9th Cir. 2003). Mr. Nungaray simply argues that his counsel was ineffective because he did not advise him of the immigration consequences of his guity plea. Without more, Mr. Nungaray does not qualify for coram nobis relief.

In the alternative, Mr. Nungaray requests this Court to reduce, *nunc pro tunc,* his felony convictions for importing and conspiracy to import a controlled substance to a single offense of possession of marijuana for personal use. While the Court sympathizes with Mr. Nungaray's situation, it does not have the authority to do this. Accordingly,

**IT IS ORDERED** that Mr. Nungaray's Motion to Vacate and/or Reduce his prior convictions is **DENIED**

**IT IS SO ORDERED.**

1-27-11
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel